GASKINS vs. THE CITY OF ATLANTA.

1. For discretionary acts, a municipal corporation is not liable; and where cities and towns are under no statutory obligation to light highways, they are not liable for a failure to do so.
2. In order to recover for a physical injury alleged to have resulted from the negligence of a municipal corporation, the defendant's negligence must be the chief and preponderating cause thereof. Therefore, where a declaration alleged that the plaintiff attempted to cross a public street in a city after dark; that the gas-lamps had not been lighted; that a street car was approaching, and its noise prevented his hearing the approach of a horse and wagon without a driver; while the failure to light the street lamps prevented his seeing them, and he was run over by the runaway horse and injured, and therefore claimed damages against the city, such declaration was demurrable

January 21, 1885.

Municipal Corporations.  Damages.  Negligence.  Actions.  Before Judge DORSEY.  City Court of Atlanta. December Term, 1883.

Reported in the decision.

MILLEDGE & SMITH; HAYGOOD & MARTIN, for plaintiff in error.

W. T. NEWMAN; E. A. ANGIER, for defendant.

BLANDFORD, Justice.

The plaintiff by his declaration averred that in the night-time, in the city of Atlanta, when it was dark and the gas-lamps had not been lighted by the city, he attempted to cross Whitehall street; as the street cars were approaching with much noise, he was run over by a horse hitched to a wagon, which horse was without a driver; that by reason of the noise of the street car, he did not hear the horse and wagon, and by reason of the lamps not being lighted, he could not see the horse and wagon, and that he was greatly injured and damaged.  The defendant demurred to plain-

tiff's declaration, upon the ground that the same did not set forth a cause of action against the city. The court sustained the demurrer and dismissed plaintiff's action, and this ruling is assigned as error.

This court has held that, for discretionary acts, it is clear the city is not liable; any other rule would set up courts and juries as their overseers. *Collins vs. Mayor, etc., of Macon,* 70 *Ga.,* 543; *Tuggle vs. Atlanta,* 57 *Ga.,* 114; *Rivers vs. Augusta,* 65 *Ga.,* 378.

Where cities and towns are under no statutory obligation to light highways, they are not liable for failure in this respect. Wharton on Neg., §973; 1 Allen, 30; 100 Mass., 255; 106 Mass., 276.

Again, it has been held that defendant's negligence must be the chief, the preponderating cause, before it could be the subject of recovery. 66 *Ga.,* 75; Code, §3072; 83 Ill., 442.

In this case, it is manifest that the proximate cause of the injury as the runaway horse and the noise of the street car, as averred in the declaration; and even if defendant was in fault in not having its gas-lamps lighted up, yet it would not be liable under the allegations in plaintiff's declaration.

The judgment of the court sustaining the demurrer to and dismissing plaintiff's declaration was right, and the same is affirmed.

Judgment affirmed.