## WILLIAMS *v.* MAYOR AND COUNCIL OF WASHINGTON.

1. In the absence of any statutory requirement, a municipal corporation is not under any obligation to light its streets with lamps, and from the exercise of its discretion in regard to whether it will do so or not no liability will arise. But if a municipality obstructs a street or allows it to remain obstructed, or out of repair, or in a dangerous condition, the

fact of the absence of lights or safeguards of any character at the place, or that a street light established at that point has been allowed to remain unlit for a number of nights before an injury occurs to a passer, may be considered, along with the other evidence, in determining whether there is negligence in failing to keep the street in a reasonably safe condition for passage.

2. There was no evidence authorizing the submission to the jury of the question of whether the injury to the plaintiff was caused by a fall "from the property" of an owner of adjacent land, rather than by a fall from the sidewalk into the street, which had been lowered eight or ten feet below the sidewalk at that point.

AUGUST 18, 1914.

Action for damages.    Before Judge Walker.    Wilkes superior court.    August 11, 1913.

*Colley & Colley,* for plaintiff.

*Howard & Slaton,* for defendant.

LUMPKIN, J.   The plaintiff sought to recover damages on account of a personal injury alleged to have resulted from stepping, at night, from a sidewalk into a depression caused by the lowering of the grade of the street by a city a considerable time before the injury, but of which he was not aware.   It was alleged, that the difference in level between the sidewalk and the street proper was about eight feet, which was very dangerous, especially in the absence of a light at night; that there had been no light there for more than three weeks; that this had been brought to the attention of the city, which had promised to have a light put there; and that the defendant was negligent in failing to provide a railing or obstruction to protect persons traveling along the sidewalk.   There was a verdict for the defendant.   The plaintiff moved for a new trial, which was refused, and he excepted.

1.   There is no common-law duty resting on a municipal corporation to light its streets; and in the absence of any such duty imposed upon it by statute, it is not liable merely for not installing lights upon its streets, or upon a particular street, even though it may have power to do so.   Such a power is treated as a discretionary power, and the municipality is not held to commit a breach of duty because of the manner in which such discretion is exercised, or for the failure to exercise the power.   If the city undertakes to light a street, it may be liable for negligence in the manner in which the work is done,—as for carelessness in the manner of erecting lamp-posts, so that one falls on a passer, or in so negli-

gently laying a pipe or wire that a passer is caused to fall or be injured, or the like. Such things do not fall within the exercise of discretion in determining whether a street shall be lighted, but are ministerial acts in connection with carrying out the decision. It would seem that the discretion to install a system of lighting would include a discretion to discontinue it.

If a municipality has once undertaken to light its streets, or a particular street, the decisions are not in entire harmony as to whether it is liable for a failure to do so at a particular time, or for negligence in furnishing an insufficient light, or for failure to light a street in the usual manner. Without undertaking to discuss the different cases and the facts involved in them, it will be found in some instances that the conflict may be reconciled by means of another rule which imposes on a municipality the duty of exercising ordinary diligence to keep its streets in reasonably safe condition for passage in the ordinary methods, and also the duty, if it creates an obstruction or unsafe condition in a street, or permits such a condition to exist after notice, to use proper precaution to prevent injury to passers. Accordingly, the better rule would seem to be, that, if the city performs its duty with reference to keeping its streets in reasonably safe condition, the mere absence of an ordinary street light at a given point will not constitute such negligence as to render the city liable. But if the question is whether a city has performed its duty in regard to keeping a street in a reasonably safe condition, or whether it has been negligent in that regard, and in respect to failing to erect proper safeguards or to placing proper lights at a dangerous place where an injury occurs, the character of the light at that point, or its absence, may be shown as a circumstance bearing on the question of negligence.

In *Gaskins* v. *City of Atlanta,* 73 *Ga.* 746, a person undertook to cross a street in the dark when the lamps had not been lighted, and was run over by a horse hitched to a wagon and going down the street without a driver, and was injured. The action was dismissed on demurrer, and this judgment was affirmed. Two points were ruled: first, that for discretionary acts a city is not liable; and second, that, even if the city was at fault in not having its gas lamps lighted, this was not the proximate cause of the injury. There was no contention that the street was in a defective or dangerous condition, or that any liability on the part of the city arose

otherwise than from the fact that it had established street lights, which were not lit at the time of the injury. In *City of Columbus v. Sims*, 94 *Ga.* 483 (20 S. E. 332), it was declared that "A city which is under no statutory obligation to light its streets is not, as matter of law, bound when lighting them voluntarily to do it in such a manner as to enable persons using them to see any obstruction that the city may have placed in the street, irrespective of whether the obstruction, such as a water-plug, was a reasonable and proper one or not." The trial judge had charged the jury, that, "The city having undertaken to light its streets, it was their duty, after they undertook to light that street, to have lighted the street in such a manner as parties could see any obstruction in the street." No opinion was written, and the headnote above quoted contained the entire decision of the court. The careful statement that' in such a case the city was not, "as matter of law, bound when lighting them voluntarily" to do so in a particular manner, contains a strong implication that under such circumstances the character of the lighting at the particular place could be proved as a fact for consideration in determining the question of negligence on the part of the city.

In several of the cases in other jurisdictions in which it was held that, after a city had voluntarily undertaken to light its streets, a failure to do so might furnish a ground of liability, it will be found that the facts involved also some defect, obstruction, or excavation in the street. In White *v.* City of New Bern, 146 N. C., 447 (59 S. E. 992, 13 L. R. A. (N. S.) 1166 (see note), 125 Am. St. R. 476), Hoke, J., said: "In the absence of statutory requirement, a city is under no legal obligation to light its streets, and such obligation does not arise or exist from the fact that the city has been given the power to light them. And where a city or town has undertaken the duty, the placing and character of the lights must be allowed to rest very largely in the discretion of the authorities. . . Undoubtedly, temporary obstructions and hindrances on a highway, or permanent conditions, may be such that an absence of lights at the particular locality would import negligence, and to this principle possibly may be referred the decision in Chicago *v.* Powers, 42 Ill. 169, 89 Am. Dec. 418. But when the streets of a municipality are otherwise reasonably safe, the weight of authority and the better reason are to the effect that neither the absence of

lights nor defective lights is in itself negligence, but is only evidence on the principal question, whether, at the time·and place· where an injury occurred, the streets were in a reasonably safe condition." See also 4 Dill. Mun. Corp. (5th ed.) § 1701; 3 Abbott on Mun. Corp. § 1002; 2 Elliott on Roads and Streets (3d ed.), § 802.

In the case at bar the plaintiff alleged, and introduced evidence tending to prove, that the city left a deep cut in its street so that the roadway at that point was eight feet below the sidewalk, making a dangerous declivity; that there were no safeguards and no lights at that place; that street lights had been there, but had not been lit for three or four weeks; and that the plaintiff was injured by stepping from the sidewalk in the dark. Under these facts, it limited the scope of the evidence too much to charge that the city was not required to keep the place lighted, and that the court only let in evidence as to the lights for the purpose of showing whether or not the plaintiff could have seen or known the danger over which he was passing.

2. The evidence was to the effect that the plaintiff was a visitor at a house in front of which the cut in the road existed, though he did not know of it; and he went from the yard of his host, started to cross the street, and fell from the sidewalk at a point about ten or fifteen feet from the gate. The lot was elevated above the sidewalk about two and one half or three feet, and the owner had constructed steps from his lot to the sidewalk and from the sidewalk to the street. The injured person testified that he saw "those steps" in front of the house the next day, but did not go down them. It is not quite clear whether he had reference to the steps from the lot to the sidewalk, or those from the sidewalk to the street; but he testified that he walked out on to the sidewalk and fell by stepping·into the street. The court charged, and repeated, that, before the plaintiff could recover, the jury must believe that he was injured in the manner alleged in his petition; and that if his injury was caused "by a fall from the property of" the owner of the lot, he could not recover. The brief of counsel for the defendant in error urged that the injury resulted from the negligence of the lot owner; but we find no basis in the evidence for that contention. Nor do we find sufficient evidence to authorize the charge of the court submitting to the jury whether the injury was caused by a fall

"from the property" of the adjacent property owner, instead of from the sidewalk into the street.

In overruling a demurrer in the presence of the jury, it was not a practice to be commended for the judge to say it was a very doubtful case, but he would let it go to the jury. But whether or not this would require a new trial, it is not likely to occur on a second trial granted on other grounds.

*Judgment reversed. All the Justices concur.*