### 7764.  CITY OF GREENSBORO v. ROBINSON.

BROYLES, P. J.  1. In the absence of any statutory requirement, a municipal corporation is under no obligation to light its streets with lamps; and no liability will arise from the exercise of its discretion in regard to whether it will do so or not.  But if a municipality allow a street to remain out of repair or in a dangerous condition, the absence of lights or of safeguards of any character at the place may be considered, along with all the other evidence, in determining whether there was negligence in failing to keep the street in a reasonably safe condition for passage.  *Williams* v. *Washington*, 142 *Ga.* 281 (82 S. E. 656, 53 L. R. A. (N. S.) 325, Ann. Cas. 1915B, 196).

2. The notice by the plaintiff to the governing authorities of the city, in regard to his claim for damages for personal injuries, given before the filing of his suit, was a substantial compliance with the provisions of section 910 of the Political Code (1910).

3. The petition as amended was not subject to the demurrers interposed, and the court did not err in overruling them.

4. When considered in connection with the entire charge of the court, the various excerpts complained of contain no material error.

5. Under the pleadings in the case it was not necessary for the plaintiff to show by the introduction of evidence that he had served the governing authorities of the city with the notice required by section 910 of the Political Code.

6. Under all the facts of the case, it was for the jury to say whether the city was negligent in constructing and maintaining the hole, four feet long (between the street and the sidewalk), in which the plaintiff fell; and, if they found that the city was negligent in this respect, to determine further whether such negligence was the proximate cause of the plaintiff's injuries.  The jury heard all the evidence on the subject, and personally inspected the street and the hole, and their finding on the subject, approved by the trial judge, will not be disturbed.  It was also for the jury to say whether the plaintiff, by the exercise of ordinary care, could have avoided being injured.  Likewise, it was a jury question as to whether the plaintiff was guilty of contributory negligence.

7. The verdict was supported by the evidence.

> *Judgment affirmed.  Jenkins and Bloodworth, JJ., concur.*
> DECIDED JANUARY 23, 1917.

Action for damages; from city court of Greensboro—Judge Sibley.  July 17, 1916.

Paragraph 2 of the decision relates to the following ground of the demurrer to the petition:  "The petition shows on its face that when the exhibit attached is construed in connection with the petition, no proper notice such as is required by section 910 was given the governing authority of said city, because (a) the said exhibit shows that plaintiff was endeavoring to effect a com-

promise, which would not be admissible in evidence and which would not be sufficient as a notice such as is required by law; (*b*) the said notice is not addressed to the defendant who is sued, but is addressed to the mayor and councilmen, and such notice would not be notice to this defendant such as is required by statute." The notice referred to is addressed: "To the Mayor and Aldermen of the City of Greensboro, to wit, Honorable F. E. Boswell, mayor, and others. Dear Sir." It gives the time, place, and extent of the injury complained of, states how it occurred, and that the culvert and sidewalk where the plaintiff fell were "deficiently constructed" in particulars specified, that it was the duty of the city to remedy this condition or provide certain safeguards specified, which were not provided, and that such precautions "would have avoided this accident;" damages were claimed in a specified sum, afterwards sued for in this action; and the notice concluded as follows: "Please advise us if you are willing to make settlement of this claim or undertake to compromise it without having suit brought." It is alleged in the petition and admitted in the answer that "the City of Greensboro is a municipal corporation . . duly chartered by an act of the legislature approved July 27, 1904, and made liable to sue or be sued under said corporate name," that "the governing body of said City of Greensboro is a mayor and aldermen or councilmen, the present mayor being F. E. Boswell, . . and service may be perfected upon said city through them;" and that the notice referred to was handed to the mayor. On this ground of the demurrer counsel for the plaintiff in error cited: Political Code (1910), § 910; Acts of 1904, p. 461; *Saunders* v. *Fitzgerald,* 113 *Ga.* 620; *City of Columbus* v. *McDaniel,* 117 *Ga.* 823; *City of Tallapoosa* v. *Brock,* 138 *Ga.* 622; *Bostwick* v. *Griffin,* 141 *Ga.* 120; *Mayor &c. of Macon* v. *Stringfield,* 16 *Ga. App.* 480; Code, § 5781. Counsel for defendant in error cited: *Kennedy* v. *Savannah,* 8 *Ga. App.* 99; *City of Sandersville* v. *Stanley,* 10 *Ga. App.* 361; *Smith* v. *Elberton,* 5 *Ga. App.* 286; 28 Cyc. 1749B, notes 94, 95, and statutes cited supra.

*Noel P. Park,* for plaintiff in error.

*Lewis, Davison & Sims,* contra.