## 21327. ATLANTIC COAST LINE RAILROAD COMPANY *v.* SOUTH GEORGIA MILLING COMPANY.

JENKINS, P. J. This was a suit for damages on account of the failure of the defendant railway company to deliver at its destination a carload of manure shipped from Valdosta, Georgia, entirely over the defendant's line, to Aymonin, Florida, which was submitted to the trial judge, on an agreed statement of facts, without the intervention of a jury. It was stipulated that when the shipment was made there were in force Federal and State quarantine regulations which prohibited the shipment of manure in open cars through an area infested with the Mediterranean fruit fly, and that while both the point of shipment and the point of destination of the car were in noninfested areas, the shipment could be delivered only by transporting it through an infested area. The car was held up by quarantine officials, and later sold by the defendant carrier, bringing less than the freight charges. The defendant carrier,

when it accepted the consignment and issued the bill of lading, knew of the quarantine regulations which prevented the movement of manure in open cars through the infested area, and the plaintiff shipper did not know of such regulations. The judge found in favor of the plaintiff for the value of the car of manure, and the defendant excepted. *Held:*

1. "One who pursues the business constantly or continuously for any period of time, or any distance of transportation, is a common carrier, and as such is bound to use extraordinary diligence. In cases of loss the presumption of law is against him, and no excuse avails him unless it was occasioned by the act of God or the public enemies of the State." Civil Code (1910), § 2712.

2. Where a carrier is sued by a consignor for failure to deliver goods, it can defend by showing that delivery was prevented by the enforcement of quarantine regulations preventing its delivery. 4 R. C. L. 487, § 300. But such a rule would not obtain where the carrier had knowledge or was chargeable with knowledge that it would thus be unable to perform its contract, and the shipper did not have and was not chargeable with such knowledge. It is the general rule as to domestic shipments that "where goods are tendered to a carrier for transportation, it is bound to advise the shipper as to any cause likely to delay transportation, which cause is within its knowledge, or within its fair and reasonable means of knowledge, and not within the knowledge of the shipper; and, if it fails in its duty in this respect, a delay in the transportation of the goods will not be excused, and that too irrespective of the nature of the cause. The acceptance of goods for shipment without notifying the shipper of the fact that they can not be promptly delivered is tantamount to an assurance that they will be delivered within a reasonable time, except for the intervening of excusing causes of subsequent occurrence. This duty is in no way dependent on special agreement, but is a part of the duty imposed by law on carriers; and the reason why the law has imposed it on the carrier is to give the shipper an opportunity to exercise his own discretion as to the propriety of making the shipment—to choose between the different courses open to him." 10 C. J. 290, § 412. This rule may to some extent be relaxed with reference to shipments to foreign countries, in which case the shipper is presumed to know that the point of destination lies within foreign territory; and in such a case it is his duty to "acquaint himself with the laws governing the delivery of freight in this foreign country." *Central of Ga. Ry. Co.* v. *Evans,* 172 *Ga.* 53 (157 S. E. 313).

3. In the instant case the shipper, in the absence of actual knowledge, would not be chargeable with notice of a Federal and State quarantine regulation applying in a portion of another State. The act of Congress approved August 20, 1912 (37 Stat. 315), as amended by the act approved March 7, 1917 (39 Stat. 1134, 1164), authorizing the establishment of quarantine districts by the secretary of agriculture, and requiring the promulgation of such rules and regulations by that official, only requires publication thereof in newspapers in the quarantine areas thus established. Consequently, it was incumbent upon the carrier, on receiving the consignment, to notify the shipper that it would be unable to transport the shipment to the point of destination on account of

having to traverse the quarantined area before arriving at the point of destination. Especially would this be true in a case where the evidence, in addition to the agreed statement of facts, shows that the shipper had, shortly prior to the date of the shipment involved, made other like shipments, and where it appears that the carrier, at the time it received the last shipment for transportation, knew that it would be unable to comply with its agreement, and that the shipper was unaware of the quarantine regulations in another State which would prevent the shipment from traversing a certain quarantined area between the point of shipment in this State and the point of destination in the other State. Under the rule stated in the preceding division of the syllabus, it was the duty of the carrier to acquaint the shipper with these facts, in order that he might choose between the different courses open to him. Furthermore, if the carrier saw proper to receive a consignment from a shipper unaware of the conditions which would prevent its through transportation, knowing that it was unable to transport the same to the point of destination in open box-cars, in the exercise of extraordinary diligence it was incumbent upon it to reload the shipment so as to conform to the quarantine regulations. The rule might be different if, as was the case in New York Central & Hudson River R. v. Weil, 119 N. Y. Supp. 676 (65 Misc. 179), the quarantine regulations had been put into effect after the goods were received for shipment. Accordingly, it can not be said that the finding of the court in favor of the plaintiff was unauthorized.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 12, 1931.

*Bennet & Branch, Franklin & Langdale,* for plaintiff in error. *Wilcox, Connell & Wilcox,* contra.