23591. HALL *v.* CITY COUNCIL OF AUGUSTA.

BROYLES, C. J. 1. The motion to dismiss the writ of error is denied.

2. "In the absence of any statutory requirement, a municipal corporation is not under any obligation to light its streets with lamps, and from the exercise of its discretion in regard to whether it will do so or not no liability will arise. But if a municipality obstructs a street or allows it to remain obstructed, or out of repair, or in a dangerous condition, the fact of the absence of lights or safeguards of any character at the place, or that a street light established at that point has been allowed to remain unlit for a number of nights before an injury occurs to a passer, may be *considered,* along with the other evidence, in determining whether there is *negligence in failing to keep the street in a reasonably safe condition for passage.*" (Italics ours.) *Williams* v. *Washington,* 142 *Ga.* 281 (82 S. E. 656, L. R. A. 1915A, 325 Ann. Cas. 1915B, 196); *City of Greensboro* v. *Robinson,* 19 *Ga. App.* 199 (91 S. E. 244).

3. Ora Hall brought a suit for damages against the city council of Augusta for personal injuries alleged to have been sustained by falling over a metal pipe "protruding about six inches from the ground" on a sidewalk of the city. It was alleged in paragraph 5 of the petition that "at said time it was dark and plaintiff did not see said pipe and could not have discovered its presence at this point in the exercise of ordinary care and diligence." Paragraph 8 averred: "Petitioner shows that at that time there were no street lights sufficiently near to enable the plaintiff to see said defective condition." Paragraph 9 alleged that the defendant was negligent in: "(a) Permitting said pipe to remain on said sidewalk and thus create a defective condition and endanger persons lawfully using said sidewalk. (b) Not having street lights sufficiently near to enable the plaintiff to have discovered said defective condition. (c) Not having some warning to put the plaintiff on notice of the existence of said defective condition in said street at this point." On demurrer, the court struck said subparagraphs (b) and (c), and the plaintiff excepted pendente lite, and assigned error thereon in the bill of exceptions. A verdict was rendered for the defendant, and the plaintiff's motion for a new trial (based solely upon the alleged error in striking said

subparagraphs) was overruled, and exceptions were taken to that judgment. *Held:* Under the ruling set forth above in the second division of the decision, the court did not err in striking subparagraphs (*b*) and (*c*) of paragraph 9 of the petition. The petition, properly construed, sets forth an action based upon the alleged negligence of the city in failing to keep its streets and sidewalks in a reasonably safe condition for passage. In such a case, the question is whether the city has performed its duty in regard to keeping its streets and sidewalks in a reasonably safe condition, or whether it has been negligent in failing to do so. However, the character of the light at the defective place in the street, or its position or absence, "may be shown as a circumstance bearing on the question of negligence." *Williams* v. *Washington,* supra. In *City of Columbus* v. *Sims,* 94 *Ga.* 483 (20 S. E. 332), it was stated that "A city which is under no statutory obligation to light its streets is not, as matter of law, bound when lighting them voluntarily to do it in such a manner as to enable persons using them to see any obstruction that the city may have placed in the street, irrespective of whether the obstruction, such as a water plug, was a reasonable and proper one or not." However, as before stated, evidence as to the character and position of lights at or near the scene of the accident, or their absence therefrom, could be adduced as a circumstance tending to show whether or not the street was in a reasonably safe condition. In the instant case the striking of the subparagraphs in question did not preclude the plaintiff from introducing such evidence, especially since it was authorized under the allegations of paragraphs 5 and 8 of the petition which remained intact therein.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

Decided April 5, 1934.

*Hammond & Kennedy,* for plaintiff.
*William T. Gary,* for defendant.