24714. QUINN *v.* GEORGIA POWER COMPANY.

DECIDED MAY 23, 1935.

*McCullar & McCullar,* for plaintiff.
*Wallace Miller, Sibley & Allen,* for defendant.

GUERRY, J. Mrs. Viola Quinn filed suit in Baldwin superior court against the Georgia Power Company and A. E. Schaeffer, alleging that her husband John Quinn was killed because of the joint negligence of the defendants, on January 13, 1934. The petition alleged: that on the night in question the plaintiff's husband was proceeding south in an automobile along South Wayne street in the City of Milledgeville, in "a slow, orderly, careful, and reasonable manner, at a speed not exceeding 15 miles per hour," and that her husband's car was well on its right-hand side of the street, and was being driven with due caution and regard for the rights of the public; that on reaching a point on said street at a point between Screven street and the fair-grounds gate, where the Georgia Railroad dummy line crosses, and immediately beneath a point where a street-light was accustomed to be lit, the automobile in which plaintiff's husband was riding was run into and struck by an automobile driven by one of the defendants, Schaeffer; that Schaeffer at the time was under the influence of intoxicating liquors and proceeding at a dangerous and reckless rate of speed, in excess of forty-five miles an hour, in violation of the laws of the State

of Georgia and the ordinances of the City of Milledgeville; that the Georgia Power Company was negligent for the reason that it owns, maintains, and operates and controls an electric lighting and power system in the City of Milledgeville; that on January 13, 1934, it was by "contract and custom and purchase and sale arrangement furnishing to the City of Milledgeville" electric lighting for said city streets; that said city was purchasing electricity and lighting from the Georgia Power Company as a public service to its citizens and was paying for the same out of funds collected from its taxpayers, and that under such arrangement and contract it was the duty of the power company to furnish adequate lighting for said city; that it was the duty of the power company to furnish a street-light of 150 candlepower over the point at which the collision, which resulted in the death of her husband, occurred, which light was to burn at this point continuously from dusk until daylight; that this duty had been performed until the night of January 13 continuously, but that it was not burning at the time of this collision, which was about thirty minutes after dark; that its failure to burn was caused by the negligence of the power company because of the negligent maintenance of its system at this point in the City of Milledgeville, it being old, defective, unsafe, and worn-out; that the point where the light was placed was unusually dangerous, by reason of the described character of the street and railroad crossing. It was further alleged that the light was turned on about 10 minutes after the accident.

A general demurrer of the Georgia Power Company to the petition was sustained, and the plaintiff excepts.

"There is no common-law duty resting on a municipal corporation to light its streets; and in the absence of any such duty imposed upon it by statute, it is not liable merely for not installing lights upon its streets, or upon a particular street, even though it may have power to do so. . . If the city undertakes to light a street, it may be liable for negligence in the manner in which the work is done,—as for carelessness in the manner of erecting lamp-posts, so that one falls on a passer, or in so negligently laying a pipe or wire that a passer is caused to fall or be injured, or the like. Such things do not fall within the exercise of discretion in determining whether a street shall be lighted, but are ministerial acts in connection with carrying out the decision." *Williams* v.

*Washington,* 142 *Ga.* 281 (82 S. E. 656, L. R. A. 1915 A, 325, Ann. Cas. 1916 B, 196). It was further said that where a city has once undertaken to light its streets or a particular street, the decisions are not in entire harmony as to whether it is liable for a failure to do so at a particular time, or for negligence in furnishing an insufficient light, or for failure to light a street in the usual manner. However, it was said that the decisions can be somewhat harmonized by means of the rule which imposes on a municipality the duty of exercising ordinary diligence to keep its streets in reasonably safe condition for passage in the ordinary methods, and also the duty, if it creates an obstruction or unsafe condition in a street, or permits such a condition to exist after notice, to use proper precaution to prevent injury to passers. The decision then further said: "Accordingly, the better rule would seem to be, that, if the city performs its duty with reference to keeping its streets in reasonably safe condition, the mere absence of an ordinary street light at a given point will not constitute such negligence as to render the city liable." In *Gaskins* v. *Atlanta,* 73 *Ga.* 746, it was said: "Where a declaration alleged that the plaintiff attempted to cross a public street in a city after dark; that the gas-lamps had not been lighted; that a street-car was approaching, and its noise prevented his hearing the approach of a horse and wagon without a driver; while the failure to light the street-lamps prevented his seeing them, and he was run over by the runaway horse and injured, and therefore claimed damages against the city, such declaration was demurrable." In those cases in which it is held that after a city has undertaken voluntarily to light its streets, a failure to do so might furnish a ground of liability, it will be found that the facts involved also some *defect, obstruction, or excavation in the street.* In no case has it been held that the temporary failure of a street-light to burn at a point where there is no obstruction, excavation, or other extraordinary defect in the street, gives rise to any liability against a city. Such lighting is a discretionary act of the municipality, and for the exercise or failure to exercise such a power no right of action accrues. *Rivers* v. *Augusta,* 65 *Ga.* 376 (38 Am. R. 787). In the case at bar, under the allegations of the petition, the Georgia Power Company was the contractor with the city for the doing of a particular act. If the city itself was not liable for such omission, its agent would not be

liable for such alleged passive tort. No privity is alleged in this case which makes the Georgia Power Company liable to this plaintiff.

It is insisted that the cases of *Fowler* v. *Athens City Waterworks Co.*, 83 *Ga.* 219 (9 S. E. 673, 20 Am. St. R. 313), *Holloway* v. *Macon Gas-Light & Water Co.*, 132 *Ga.* 387 (64 S. E. 330), and *Gnann* v. *Coastal Public Service Co.*, 44 *Ga. App.* 217 (160 S. E. 807), have no application under the facts here alleged. In those cases it was held that a contractor who agrees to furnish water pressure in a city up to a certain standard of pressure is not liable to a private citizen, whose property is destroyed by fire which could have and would have been extinguished save for the failure of such contractor to comply with the contract with the city. Plaintiff in error insists that the delivery of water *in bulk* to the city was a distinguishing characteristic of the decisions, and that they are differentiated on their facts from the present case. It is alleged in the case at bar that the Georgia Power Company contracted with the City of Milledgeville to furnish electric-lights at certain named places for the purpose of lighting the streets of the city, and that on a particular occasion it failed to have one of the lights burning. In the *Fowler* case, supra, it was alleged that the waterworks company was to maintain a certain pressure all over the mains in the City of Athens, and that on a certain occasion it failed so to do, and caused a named injury and damage, because when plaintiff's house was on fire the waterworks company failed to have the proper pressure in the hydrants which served the defendant's property and the fire department was unable to extinguish the fire. Judge Fish, in the *Holloway* case, supra, cited an exhaustive list of authorities on this principle. There was no privity of contract between the plaintiff in this case and the Georgia Power Company and the "mere breach (by omission only) of a contract entered into with the public not being a tort, direct or indirect," the plaintiff's petition states no cause of action against the Georgia Power Company. As was said in the *Holloway* case, "Whatever breach of duty it may have committed by its failure so to do upon the occasion of the fire in question was a breach of the duty which it owed to the city, and not a breach of any public duty which it owed to plaintiff."

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., disqualified.*