## 25368. TOLLISON *v.* GEORGIA POWER COMPANY.

DECIDED JULY 14, 1936.

*McCullar & McCullar,* for plaintiff.
*Wallace Miller, Sibley & Allen,* for defendant.

JENKINS, P. J. In a somewhat analogous case it was held, that, in the absence of a statute or a contract requiring a water company to furnish a supply of water to individual residents, "the great weight of authority is to the effect that a resident of a city can not recover of a waterworks company damages for loss by fire occasioned by the failure of such company to furnish, in accordance with the contract with the city, a sufficient supply of water to extinguish the fire." *Holloway* v. *Macon Gas-Light & Water Co.,* 132 *Ga.* 387, 394 (64 S. E. 330). In *Martha Mills* v. *Moseley,* 50 *Ga. App.* 536 (179 S. E. 159), it was said: "There being no privity of contract between the resident and the company, and no public duty on the part of the company as to the resident, he has no right of action either on the express contract of the city or in tort. Nor can he recover either ex contractu or ex delicto upon the theory that an implied contract and duty by the company to the resident arises in favor of the resident from the express con-

tract between the city and the company." Because of the analogous absence of privity between an individual citizen of a city and a power company contracting with the city to furnish light for its streets, and because even the city itself is not liable for a mere failure to light its streets, the power company has been held not liable for an injury to an individual citizen caused merely by its alleged negligence in failing to maintain a light at an unusually dangerous place in a street, by reason of which it was alleged that two automobiles collided. *Quinn* v. *Ga. Power Co.*, supra. The instant petition by a different plaintiff, who was injured in the same collision as was involved in the *Quinn* case, contains substantially similar averments of fact and negligence; and as to those allegations that case, decided on general demurrer, is controlling. Assuming that the mere failure by the power company to maintain a light on a city street could be taken as a contributing proximate cause of a collision between two moving automobiles traveling with normal speed and lights, and that the company could be charged with implied notice of the failure of the light at the time of the collision, where, as charged, "like street lamps up and down the street were burning in full blast" at the time of the collision, and where the collision occurred only "about thirty minutes after dusk," and the light in question began to shine again "about ten minutes after the automobile wreck;" the petition, showing no privity of contract and no public or private duty owed to the plaintiff, failed to state a cause of action. As here, the *Quinn* petition charged that the point where the light was located was unusually dangerous, and that the company was negligent in the maintenance of its system at this point, "it being old, defective, unsafe, and worn-out." The additional elaboration of these averments in the instant petition, and the charge that the negligence was gross and that the lighting equipment constituted a maintenance of "a dangerous public nuisance in the city," would not take the pleading out of the former ruling. This is true since the gist of the action, as in that case, is still the mere failure of the defendant to have the one light in question burning at the time of the collision, and its alleged duty to the plaintiff to do so. See also *Hall* v. *Augusta*, 49 *Ga. App.* 77 (174 S. E. 172); *Lundy* v. *Augusta*, 51 *Ga. App.* 655 (3), 656 (181 S. E. 237), and cit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*