United States Court of Appeals,

Eleventh Circuit.

No. 97-8074.

RUST INTERNATIONAL CORPORATION, Plaintiff-Third Party Defendant,

Farid Habeishi, Plaintiff-Third Party Defendant, Appellee,

v.

GREYSTONE POWER CORPORATION, an Electric Membership Corporation, Defendant-Third Party Plaintiff, Appellant,

James Curtis Terry, Third Party Defendant-Appellee.

Jan. 26, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:94-CV-2193-CC), Clarence Cooper, District Judge.

Before ANDERSON and BLACK, Circuit Judges, and MOORE[*], Senior District Judge.

PER CURIAM:

This case arises from a motor vehicle accident in which a vehicle driven by Appellee James Curtis Terry (Terry) and a vehicle driven by Appellee Farid Habeishi (Habeishi) collided in an intersection where the traffic signal was inoperative. Terry and Habeishi each suffered personal injuries, and Terry's spouse and Habeishi's spouse both died as a result of the collision. Appellant Greystone Power Corporation (Greystone) had contracted with Fulton County, Georgia, to provide power to the traffic signals at the intersection. The jury returned a verdict finding Greystone 75% liable for the accident. We address two issues raised by Greystone on appeal: (1) whether Greystone had a duty of care to Terry, Habeishi, and their respective spouses under Georgia law,

---

[*]Honorable John H. Moore, II, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

and therefore can be held liable in tort; and (2) whether the district court erred in apportioning liability for the wrongful death actions based on Greystone's percentage of fault rather than holding each of the joint tortfeasors jointly and severally liable in equal proportions.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The traffic signals that controlled the intersection failed in the early morning hours of August 23, 1992. Fulton County was informed of the power outage and sent a technician to examine the intersection. Fulton County's technician determined that the problem was a lack of power flowing to the signals from Greystone's side of the power line. Fulton County notified Greystone of the problem at 9:00 a.m. and Greystone immediately dispatched its own technicians. Greystone's technicians arrived at the scene between 9:05 and 9:10 a.m. and inspected the connection between Greystone's power wires and Fulton County's wires, which carried the power directly to the signals. Greystone's technicians erroneously concluded that the power failure occurred on Fulton County's side of the line and notified Greystone's dispatcher at 9:30-9:35 a.m. that Fulton County needed to make the repair.

The collision between Terry's vehicle and Habeishi's vehicle occurred at 10:00 a.m. After witnessing the collision, the Greystone technicians again examined the connections and concluded that the problem was with the connector, which Greystone had exclusive authority to repair. The

---

[1]Greystone also raised the following issues on appeal: (1) whether the district court erred in prohibiting Greystone from cross-examining Terry and Habeishi regarding the claims against each other they previously had settled; and (2) whether the district court erred in not admitting testimony from a law enforcement officer that the intersection had been navigated safely by vehicles passing through it for several hours prior to the accident. After considering the briefs and record, we hold that the district court did not err in either of these evidentiary rulings.

[2]Because we are reviewing the denial of a renewed motion for judgment as a matter of law, we consider the evidence, and state the facts in this part of the opinion, in the light most favorable to Appellees Terry and Habeishi.

Greystone technicians repaired the connector, thereby restoring power to the signals. The repair effort took 5-10 minutes to complete.

The procedural history of this case is fairly complex. Several claims were settled. Four claims against Greystone were tried to the jury: (1) the claim of Terry for Terry's personal injuries; (2) the claim of Terry for the wrongful death of his spouse; (3) the claim of Habeishi for Habeishi's personal injuries; and (4) the claim of Habeishi for the wrongful death of his spouse. The jury concluded that Greystone was negligent and that Greystone's negligence was a contributing proximate cause of the collision. The jury found Greystone 75% at fault, Terry 15% at fault, and Habeishi 10% at fault.[3] The district court denied Greystone's motion for judgment as a matter of law and Greystone's renewed motions for judgment as a matter of law.

## II. GREYSTONE'S DUTY OF CARE

The parties dispute whether Greystone owed any duty of care to Terry and Habeishi. For a plaintiff to recover in tort, the defendant must owe a duty of care to the plaintiff. Ga.Code Ann. §§ 51-1-1, 51-1-8; *Robinson v. J. Smith Lanier & Co.,* 220 Ga.App. 737, 470 S.E.2d 272, 274 (1996). Terry and Habeishi argue that Greystone owes the same duty of care to the general public that tort law imposes on all individuals in conducting their affairs, specifically that "a person owes to others a duty not to subject them to an unreasonable risk of harm." *Sutter v. Hutchings,* 254 Ga. 194, 327 S.E.2d 716, 718 (1985).[4] Greystone responds that a utility company does not owe a general

---

[3]The jury made the following valuations of the injuries suffered as a result of the accident: $2,181,000 for Terry's personal injuries; $2,050,000 for the life of Terry's wife; $1,517,000 for Habeishi's personal injuries; and $3,000,000 for the life of Habeishi's wife. Pursuant to the pretrial stipulation, the district court entered judgment against Greystone for 75% of each of these amounts.

[4]*Sutter* has been abrogated on other grounds as recognized in *Riley v. H & H Operations, Inc.,* 263 Ga. 652, 436 S.E.2d 659, 660-61 (1993).

duty of care to persons traveling through an intersection where the signals are powered by the utility company.[5]  Greystone cites *Tollison v. Georgia Power Co.,* 53 Ga.App. 795, 187 S.E. 181 (1936), and *Quinn v. Georgia Power Co.,* 51 Ga.App. 291, 180 S.E. 246 (1935), which stand for the proposition that a utility company owes no duty to the general public where an accident occurs due to the company's failure to have a street lamp burning at the point of the accident.  *Quinn* provides two rationales for its holding:  (1) the absence of contractual privity between the power company and the general public;  and (2) the absence of any duty upon the city to provide lighting at the point of the accident.  180 S.E. at 248.  *Tollison* arose from the same accident as *Quinn,* and the *Tollison* court relied on both of *Quinn* 's rationales.  187 S.E. at 182.

Terry and Habeishi argue in response that even if Greystone did not have a general duty to maintain power to the intersection, Greystone assumed a specific duty to travelers passing through this particular intersection by voluntarily undertaking to repair the connector.  Georgia has adopted § 324A of the Restatement (Second) of Torts entitled "Liability to Third Person for Negligent Performance of Undertaking," which establishes that:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Huggins v. Aetna Cas. & Sur. Co.,* 245 Ga. 248, 264 S.E.2d 191, 192 (1980).  The parties contest whether any of the three alternative criteria for imposing liability has been satisfied.  The evidence

---

[5]Greystone also asserts that its actions were not the proximate cause of the accident. Assuming that Greystone owed a duty of care to Terry and Habeishi, we hold that sufficient evidence was presented for the jury to determine that Greystone's conduct was one of the proximate causes of the accident.

presented at trial supports the conclusion that Greystone undertook to perform Fulton County's duty to maintain the operability of the traffic signals,[6] or that Fulton County relied on Greystone to restore power to the intersection because Fulton County was contractually prohibited from repairing the connector itself.[7] Accordingly, Greystone's negligence occurred at the moment that its technician misdiagnosed the problem with the connector and therefore failed to exercise reasonable care in making the repair.

The conclusion that Greystone voluntarily assumed a duty of care to Terry and Habeishi is not affected by the holdings in *Tollison* and *Quinn*.[8] The Restatement, which was adopted after *Tollison* and *Quinn,* provides three methods by which a party such as Greystone may assume a specific duty towards third persons to whom it would not otherwise owe any duty. *Tollison* and *Quinn* do not foreclose the possibility that a power company might assume a specific duty towards third persons and then perform that duty in a negligent manner. Accordingly, we hold that under Georgia law, Greystone assumed a duty of care towards Terry and Habeishi to restore power to the intersection.

### III. APPORTIONMENT OF LIABILITY

Greystone argues that the district court erred by apportioning the judgment for the wrongful

---

[6]Ga.Code Ann. § 32-6-50(c) provides that "counties and municipalities shall place and maintain upon the public roads of their respective public road systems such traffic-control devices as are necessary to regulate, warn, or guide traffic...."

[7]At oral argument, Appellees' counsel conceded that Greystone would have no liability had it not undertaken the repair effort.

[8]Although Appellees' counsel have responded to the argument that *Tollison* and *Quinn* provide blanket immunity from a duty of care voluntarily assumed by a power company, Greystone has not made any argument in its briefs or at oral argument explaining why the rationales of *Tollison* and *Quinn* would override the standards for voluntarily assuming a duty of care pursuant to the Restatement.

death claims among the three liable parties (Greystone, Terry, and Habeishi). Under Georgia law, liability may be apportioned among joint tortfeasors only if the plaintiff was negligent and was therefore partly responsible for the injury. Ga.Code Ann. § 51-12-33. If the plaintiff is not partly responsible for the injury, joint tortfeasors are equally liable for the judgment, regardless of their relative degree of responsibility. *Gamble v. Reeves Transp. Co.,* 126 Ga.App. 161, 190 S.E.2d 95, 97 (1972). After the jury determined that Greystone was 75% responsible and that Terry and Habeishi were collectively 25% responsible, the district court apportioned liability for damages by entering a judgment against Greystone for 75% of the damages on all four claims.

Greystone does not dispute the district court's apportionment for the personal injuries suffered by Terry and Habeishi. Greystone argues that in a wrongful death action, the relevant "plaintiff" is the deceased victim of the injury and not the beneficiary bringing the suit, *i.e.,* the deceased spouses of Terry and Habeishi and not Terry and Habeishi themselves.[9] Therefore, Greystone argues that the trial court erred in apportioning liability based on each party's percentage of fault because the deceased spouses were not negligent.

Greystone is correct that Georgia law does look to the behavior of the decedent in determining the relative liability of the defendant in a wrongful death action. *Southland Butane Gas*

---

[9]Greystone's theory is based on the derivative nature of a wrongful death action—it is not an independent tort, but a method of allowing survivors to recover for the injuries suffered by the decedent. Greystone contends that the plaintiff of each wrongful death claim is the deceased spouse (Mrs. Terry and Mrs. Habeishi, respectively) and that each claim has two tortfeasors, each of whom should be 50% liable: (1) Greystone; and (2) the non-spouse driver (i.e., Mr. Terry is the second defendant of Mrs. Habeishi's action, and Mr. Habeishi is the second defendant of Mrs. Terry's claim). Greystone suggests that Terry and Habeishi cannot be liable for the death of their own wives because of spousal immunity, meaning that only two defendants are liable in each action.

*Co. v. Blackwell,* 211 Ga. 665, 88 S.E.2d 6, 9 (1955);[10] *Rainey v. City of East Point,* 173 Ga.App. 893, 328 S.E.2d 567, 568-69 (1985). However, Georgia law also looks to the negligence of the beneficiary of the action and applies the same principles of contributory and comparative negligence to the beneficiary as it applies to the decedent. *Happy Valley Farms v. Wilson,* 192 Ga. 830, 16 S.E.2d 720, 725 (1941) (establishing that when two beneficiaries bring a wrongful death action and one beneficiary is partly responsible for the death, contributory negligence principles are applied to the one-half of the judgment recovered by the negligent beneficiary); *Matthews v. Douberley,* 207 Ga.App. 578, 428 S.E.2d 588, 590-91 (1993) (finding that husband's contributory negligence bars husband's recovery in action for wrongful death of wife, but does not bar child's recovery). We hold that Georgia law treats both the beneficiary and the decedent as plaintiffs when determining whether to apportion liability in a wrongful death action.

### IV. CONCLUSION

The district court properly determined that under the facts of this case, Greystone owed a duty of care to Terry, Habeishi, and their respective spouses. Furthermore, the district court did not err in apportioning the judgment among the liable parties.

AFFIRMED.

---

[10]*Blackwell* was modified on other grounds by statute as recognized in *Fountain v. Thompson,* 252 Ga. 256, 312 S.E.2d 788, 789 (1984).