**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**June 1, 2020**

# In the Court of Appeals of Georgia

A20A0429. GHALI et al. v. MILES et al.                    DO-014

DOYLE, Presiding Judge.

Adriel Miles, Sr., Adriel Miles, Jr., and Shelby Smith ("the plaintiffs") sued Jalal K. Ghali and Jinan Ghali ("the Ghalis") for negligent infliction of emotional distress after their son, Basil Ghali (hereinafter, "Basil"), fired a gun from the balcony of the Ghalis' home toward the plaintiffs, who were in a boat on a lake. The Ghalis moved for summary judgment, and the trial court denied the motion. This Court granted the Ghalis's application for interlocutory appeal, and they argue that they had no duty to the plaintiffs and that the plaintiffs suffered no physical impact or pecuniary losses. For the reasons that follow, we reverse.

On summary judgment, the movant[s have] the burden to show there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law. In ruling on a motion for

summary judgment, the opposing part[ies] should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the part[ies] opposing the motion.[1]

So viewed, the record shows that Basil suffered brain damage following malformations in his brain, which required two surgeries. Prior to the incident giving rise to this appeal, Basil was under treatment for anxiety and depression, including receiving multiple prescriptions for medication, including an antipsychotic. Basil had previously been arrested three times: for illegally transporting an AK-47 rifle in the trunk of his car; for making terroristic threats by telling people at a gym that he was going to retrieve a gun from his car and kill people; and for driving under the influence and reckless driving. The Ghalis were aware of all three arrests before the shooting giving rise to this appeal.

On March 21, 2015, the Ghalis, both medical doctors, lived on Lake Tobesofkee in Macon with their family, including 25-year-old Basil and several of his eight siblings. Basil consumed a bottle of alcohol outside of his home. He then returned home where his mother and several siblings were; he did not speak with

---

[1] (Punctuation omitted.) *Huddle v. Heindel*, 347 Ga. App. 819, 821 (821 SE2d 61) (2018).

2

anyone, and his father was not home. Basil went upstairs to a balcony, which overlooks the lake, where the plaintiffs were fishing in their boat. Basil retrieved his handgun and fired it into the lake, hitting the water and causing it to splash the plaintiffs; neither the plaintiffs nor the boat were struck by bullets.[2]

Following the shooting, Miles, Sr., suffered from nightmares, sleeplessness, worry, anxiety, headaches, and fear, and he saw his doctor and underwent counseling for post-traumatic stress disorder. Miles, Jr., had headaches, nightmares, sleeplessness, and night sweats as a result of the incident, but he did not seek medical treatment for such. Smith sought counseling for anxiety, sleeplessness, and hypervigilance, and his counselor diagnosed him with post-traumatic stress disorder.

The plaintiffs thereafter filed suit against the Ghalis and Basil, alleging that Basil had assaulted them and intentionally inflicted emotional distress upon them and that the Ghalis had negligently inflicted emotional distress, resulting in injuries and pecuniary losses.[3] As to the Ghalis, the plaintiffs alleged that they knew that Basil

---

[2] Basil ultimately pleaded guilty to three counts of aggravated assault as a result of the incident, and he was sentenced as a first offender to twenty years, to serve the first six in custody.

[3] The plaintiffs also seek punitive damages. The plaintiffs claims against Basil are not at issue in this appeal.

"presented a danger to individuals such as [the plaintiffs] while he was on their property but failed to . . . protect others from that danger." The Ghalis moved for summary judgment, arguing that they had no duty to supervise Basil and that the plaintiffs had suffered no physical impact or pecuniary losses. The trial court denied their motion, and this Court granted the plaintiffs' application for interlocutory appeal.

1. The Ghalis argue that the trial court erred by concluding that they owed a duty to the plaintiffs. We agree.

The threshold issue in any negligence case is whether the defendant owes a duty to the plaintiff.[4] "The existence of a legal duty is a question of law for the court."[5] In its order denying summary judgment, the trial court cited to the Restatement (Second) of Torts, § 318 and concluded that "issues of material fact remain regarding whether the [Ghalis] were unable to control their son [and] . . . whether [the Ghalis] knew [that] . . . Basil . . . was in the possession of a handgun [] and knew of his prior criminal record and history of firearm offenses."

---

[4] See *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533 (2) (b) (744 SE2d 369) (2013).

[5] See *Rasnick v. Krishna Hospitality, Inc.*, 289 Ga. 565, 567 (713 SE2d 835) (2011).

The Restatement (Second) of Torts, § 318 provides:

If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor (a) knows or has reason to know that he has the ability to control the third person, and (b) knows or should know of the necessity and opportunity for exercising such control.

The trial court stated in its order that "[i]n Georgia, this provision has been interpreted to require an 'assumption of a special relationship of control' to establish liability for an adult child living in the home," citing *Spivey v. Hembree*.[6] Although no Georgia case explicitly adopts or interprets Section 318,[7] *Spivey* held that "absent a custodian's assumption of a special relationship of control over an adult child living at home . . . there is no liability for the conduct of such child."[8] A special

---

[6] 268 Ga. App. 485 (602 SE2d 246) (2004).

[7] Compare *Herrington v. Gaulden*, 294 Ga. 285, 287 (751 SE2d 813) (2013) (adopting Section 324A of the Restatement (Second) of Torts).

[8] (Citation omitted.) *Spivey*, 268 Ga. App. at 488 (1) (a), citing *Coleman v. Coleman*, 240 Ga. 417, 422-423 (5) (240 SE2d 870) (1977) & *Trammel v. Bradberry*, 256 Ga. App. 412, 418 (2) (568 SE2d 715) (2002).

relationship may arise between a parent and an adult child (similar to that which may arise between a doctor and a patient), but only if a two-part test is satisfied: (1) the parent must have control over the adult child, and (2) the parent must know or reasonably should have known that the adult child was likely to cause bodily harm to others.[9] "Thus, absent being appointed the legal guardian of the person, there must be evidence of *actual assumption of physical control* as well as knowledge of the danger the person poses to others if the control is not reasonably maintained."[10] Notably, providing a person with a place to live does not create a right or exercise of physical control.[11]

Here, even assuming the Ghalis knew or reasonably should have known that Basil was likely to cause bodily harm to others, they were not Basil's legal guardians, and there is no evidence that they had assumed actual physical control over him. The plaintiffs asserts that the Ghalis had control over Basil because they prohibited their adult children from drinking alcohol in the house and because Basil would do whatever his mother asked him to do around the house. But the imposition of these

---

[9] See *Trammel*, 256 Ga. App. at 417 (2).

[10] (Emphasis supplied.) Id.

[11] See id. at 418 (2).

6

"house rules" is insufficient, under Georgia law, to impose upon the Ghalis a special relationship of control over Basil: "this is not the control envisioned under the law; otherwise, every parent, owner of realty, or landlord would find themselves in a special relationship of control with an adult living under their roof."[12] Accordingly, the trial court erred by denying the Ghalis' motion for summary judgment.

2. Our holding in Division 1 renders moot the Ghalis' argument that the trial court erred by finding that the plaintiffs may be entitled to recover under the pecuniary loss rule.

*Judgment reversed. McFadden, C. J., and Rickman, J., concur.*

---

[12] Id. (reversing the denial of summary judgment to father who provided his son with a place to live and truck and could have conditioned staying at house on surrender of guns because the father did not have son in his physical custody, did not take charge of him, could not force him to take his medication, and had obtained an involuntary commitment order over him).

7