A95A1878. GRIFFIN v. AAA AUTO CLUB SOUTH, INC.
A95A2854. GRIFFIN v. ALL SOUTH SECURITY, INC.
(470 SE2d 474)

RUFFIN, Judge.

Cynthia Griffin sued her employer, AAA Auto Club South, Inc., ("AAA") and All South Security Company ("All South") seeking recovery for injuries sustained when her former boyfriend shot her on a Saturday night in the parking lot outside AAA's offices. She alleged that AAA breached a non-delegable duty to provide security and a safe environment for its employees, that All South negligently failed to ensure that she reached her car safely, and that AAA was responsible for All South's failure to do so on the basis of respondeat superior. In Case No. A95A1878, Griffin appeals the trial court's grant of summary judgment to AAA, and in Case No. A95A2854, she appeals the grant of summary judgment to All South. For reasons which follow, we affirm.

### Case No. A95A1878

Summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in a light most favorable to Griffin as the respondent below, the record shows that AAA contracted with All South to provide

on-site, unarmed security guards at its downtown Atlanta location. On Thursday, two days prior to the shooting, Griffin notified Larry Manuel, an All South security guard, that her former boyfriend, Edward Smith, told her he was "going to buy a gun and come to AAA and shoot her." Griffin testified that she told Manuel "if you see [Smith] on the premises be on guard. If you see him on the premises or anything funny, let me know." However, there was no evidence that Smith was seen or should have been seen on Saturday by Manuel or the owner of the premises, AAA. Griffin did not request an escort to her car on Thursday night, but Manuel walked her to the door. Two days later, Griffin left the building at approximately 11:10 p.m. She did not request an escort to her car or leave with other employees, but walked to the parking lot by herself. She testified that she did not ask for an escort because she did not expect Smith to be on the premises and because she believed he had calmed down. After Griffin entered the parking lot, Smith pulled his car from around the corner of the building, jumped out of the car, and ran toward her. Griffin screamed, turned to run back toward the building, and Smith then shot her repeatedly, inflicting serious injuries.

1. Griffin contends that the trial court erred in granting summary judgment because AAA had a non-delegable duty to keep its premises and approaches safe under OCGA § 51-3-1. That statute obligates an owner or occupier of land "to exercise ordinary care in keeping the premises and approaches safe." Because the owner or occupier's duties to keep the premises and approaches safe are statutory (OCGA § 51-3-1), those duties are non-delegable even though the owner has a contract for another party to provide security. OCGA § 51-2-5 (4); *Confetti Atlanta v. Gray*, 202 Ga. App. 241, 244 (4) (414 SE2d 265) (1991). "An employer is liable for the negligence of a contractor . . . [i]f the wrongful act is the violation of a duty imposed by statute." OCGA § 51-2-5 (4).

Despite this duty to keep its premises safe, "generally an intervening criminal act by a third party insulates a proprietor from liability, but even an independent criminal act could render the proprietor liable 'if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed' or is 'reasonably to be anticipated.'" *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 161 (342 SE2d 468) (1986). Even in such circumstances, however, the "'true ground of liability . . . is the *superior* knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm.' [Cit.]" *Howell v. Three Rivers Security*, 216 Ga. App. 890, 892 (456 SE2d 278) (1995); see also *Sailors v. Esmail Intl.*, 217 Ga. App. 811, 812-813 (1) (459 SE2d 465) (1995). Although Griffin advised the guard on Thursday of a threat from her boyfriend, it is undisputed that she

had superior knowledge of his characteristics and temperament and of the nature of their relationship by Saturday. She thus had a far greater degree of foreseeability. In fact, foreseeability on the part of the security guard was solely dependent upon what Griffin said and did. Her action in going to her car without requesting an escort because she thought Smith had calmed down removed any foreseeability on AAA's part.

This case also differs significantly from those in which a jury could find a legal failure to keep the premises and approaches safe, so that its invitees in general are not subjected to the risk of foreseeable attacks by unknown assailants. This was not a random stranger attack but rather grew out of a specific private relationship which had no connection with employment whatsoever. The *place* chosen by the boyfriend for the attack just happened to be the employer's parking lot. The employer did not create or allow to exist an environment which placed Griffin at risk any more than if she had been at home or on the street.

2. Griffin also contends the trial court erred because material issues of fact remain with respect to whether AAA breached a duty to provide adequate security for its employees and whether it provided security in a negligent manner. In support of this argument, she cites Manuel's testimony that according to the express written instructions set forth in All South's post orders, security guards were responsible for making certain that employees got to their cars safely and were required both to regularly patrol the parking lot and to monitor it. However, AAA cannot be liable for performing security negligently, because "an injured person seeking to impose liability upon another for the negligent performance of a voluntary undertaking must show either detrimental reliance or an increased risk of harm." *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 72 (1) (b) (378 SE2d 323) (1989). There is no evidence that Griffin relied upon the guard's presence and she did not ask for an escort to her car. Nor did Griffin contend that any action on the part of the security guard *increased* her risk; failing to take all possible actions to prevent an occurrence is not the same as increasing the risk of the occurrence. Accordingly, this enumeration of error is without merit.

3. Given our holding in Case No. A95A2854 that summary judgment to All South was proper, we need not address Griffin's remaining enumeration of error concerning whether the All South guards were AAA employees.

### Case No. A95A2854

4. Griffin contends the trial court erred in granting All South summary judgment because a material issue of fact exists as to

whether All South had a duty to ensure that she reached her car safely. We disagree because the proximate cause of Griffin's injuries was not the breach of any such duty, but her superior knowledge of her boyfriend and of the risks attendant in going to the parking lot on Saturday without asking for an escort. See *Sailors*, supra at 812-813. Thus, the trial court did not err in granting All South summary judgment.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 15, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996.

*C. Lawrence Jewett, Jr., Mitchell G. Brogdon*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier*, for appellee (case no. A95A1878).

*Drew, Eckl & Farnham, B. Holland Pritchard, Bruce A. Taylor, Jr.*, for appellee (case no. A95A2854).