A05A1433. DALE et al. v. KEITH BUILT HOMES, INC.
(620 SE2d 455)

RUFFIN, Chief Judge.

Shannon Wadsworth, while driving, struck Bobby Dale III, who was riding a skateboard, and injured the child. Dale, through his father as next friend, and Dale's mother, Kimberly York, (collectively, "the plaintiffs") filed suit against several defendants, including Keith Built Homes, Inc. ("KBH"). KBH moved for summary judgment, and the trial court granted the motion. The plaintiffs appeal. Finding no error, we affirm.

A trial court properly grants summary judgment when there is no genuine issue of material fact, and the movant has established entitlement to judgment as a matter of law.[1] We conduct a de novo review of the grant of a motion for summary judgment, "and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

Viewed in this manner, the record shows KBH was the general contractor for the construction of a residence in the Mountain Brook subdivision. KBH entered into a contract with Foster Drywall to

[1] See *CSX Transp. v. Deen*, 269 Ga. App. 641 (605 SE2d 50) (2004).

[2] (Punctuation omitted.) Id.

perform the sheet rock work on the house, and Foster Drywall then subcontracted the job to Gary McCain, who employed Wadsworth to assist him.

On August 24, 2000, Wadsworth and McCain drove together in McCain's car to the work site to sheet rock the house. McCain had a cooler of beer in the car. Unbeknownst to McCain, Wadsworth, during lunch, took six beers from the cooler, which he then drank. After work, Wadsworth and McCain returned to McCain's house. Sometime thereafter, Wadsworth drove from McCain's house to a convenience store. Upon his return, Wadsworth struck eight-year-old Bobby Dale III, who was riding a skateboard, injuring the child.

Bobby and his parents filed suit against multiple parties, including KBH. According to the plaintiffs, KBH voluntarily undertook to detect and prevent the consumption of alcohol by workers on its job sites.[3] The plaintiffs further alleged that KBH was negligent in its performance of this voluntary undertaking and that such negligence was the proximate cause of Bobby Dale's injuries.

KBH moved for summary judgment, arguing that the voluntary undertaking claim failed for multiple reasons. The trial court granted the motion, and this appeal ensued.

Under Georgia law, "a person may be held liable for the negligent performance of a voluntary undertaking."[4] As this Court recently reiterated,

> one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service, or there was no consideration for the promise or undertaking sufficient to support an action ex contractu based thereon.[5]

In order for this principle to apply, however, an injured person must show either detrimental reliance or an increased risk of harm.[6] Here, the plaintiffs contend that KBH's failure to enforce its no-drinking policy increased the risk of harm. However, we fail to see any

---

[3] Initially, the plaintiffs also raised claims under the doctrine of respondeat superior and under a theory of premises liability. On appeal, however, the only theory espoused is the voluntary undertaking claim and thus it is the only theory that need be addressed.

[4] *Osowski v. Smith*, 262 Ga. App. 538, 540 (1) (586 SE2d 71) (2003).

[5] Id.

[6] See *Griffin v. AAA Auto Club South*, 221 Ga. App. 1, 3 (2) (470 SE2d 474) (1996); *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 72 (1) (b) (378 SE2d 323) (1989).

evidence that KBH's alleged failure to enforce its policy increased the risk of harm to third persons. The plaintiffs essentially argue that it was incumbent upon KBH to *decrease* the risk of harm to others by enforcing its no-drinking policy. This, however, is not the law; "failing to take all possible actions to prevent an occurrence is not the same as increasing the risk of the occurrence."[7]

Furthermore, we disagree with the plaintiffs' contention that, had KBH enforced its policy, "it can be strongly inferred" that Wadsworth would not have been drinking on the job. During his deposition, Wadsworth was asked whether he would have adhered to KBH's no-drinking policy had he been told about it. Wadsworth responded, "[m]aybe." However, Wadsworth also acknowledged that he "knew that [he was not] supposed to be drinking beer on the job site." And with respect to rules, Wadsworth testified, "I'm pretty smart on things I was supposed to do and things I'm not supposed to do but I do as I want to do. I'm a grown man."

> An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. And, in passing on a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists.[8]

Here, Wadsworth's equivocal statement that he might have followed KBH's no-drinking policy had he known of its existence raises no more than a mere possibility that he would have done so. This is particularly true given his unequivocal testimony that he knowingly engaged in wrongful conduct and that he would "do as [he] want[ed] to do." Under these circumstances, the trial court properly granted KBH's motion for summary judgment.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED AUGUST 24, 2005.

*O'Neal, Brown & Clark, Manley F. Brown, Philip M. Brown, John C. Clark, Jarome E. Gautreaux, Leighton B. Deming, Jr.,* for appellants.

---

[7] *Griffin,* supra.

[8] (Punctuation and footnote omitted.) *R & S Farms, Inc. v. Butler,* 258 Ga. App. 784, 788-789 (575 SE2d 644) (2002).

[9] See *Griffin,* supra.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, J. Kenneth Moorman, Nancy G. Cook*, for appellee.