**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 11, 2019**

# In the Court of Appeals of Georgia

A18A1510. SHEAFFER et al. v. MARRIOTT INTERNATIONAL, INC.

MCMILLIAN, Judge.

Dean E. Sheaffer and his wife Lorrie L. Sheaffer (the "Sheaffers") appeal from the trial court's grant of summary judgment to Marriott International, Inc. ("Marriott") after Marriott allegedly failed to provide staff to aid Mr. Sheaffer when he suffered a stroke alone in his hotel room. We affirm for the reasons set forth below.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." OCGA § 9-11-56 (c). "To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the

plaintiff's claim." (Citation omitted.) *Thorpe v. Sterling Equip. Co.*, 315 Ga. App. 909, 910 (729 SE2d 52) (2012). "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation omitted.) *Elder v. Hayes*, 337 Ga. App. 826, 827 (788 SE2d 915) (2016).

So viewed, the complaint alleged[1] that Mr. Sheaffer was a guest at the Renaissance Concourse Hotel (the "Hotel") in Atlanta, Georgia, when in the early morning of February 13, 2014, he woke up and noticed that his left hand and left side of his face were "numb and tingly." Mr. Sheaffer went back to sleep, but woke up again and collapsed when he tried to get out of bed. Mr. Sheaffer thought that he was having a stroke, so he dialed "0" on the Hotel telephone next to his bed. After no employee answered, he then dialed "66," which he determined was the Hotel's emergency number. Again, no one answered his call. Mr. Sheaffer then dialed "911," and an operator directed an ambulance to the Hotel, but no one was at the front desk when the EMTs arrived, which, the Sheaffers allege, delayed their access to Mr.

---

[1] The parties introduced very little evidence on Marriott's motion for summary judgment, and the trial court's order granting the motion stated that, like Marriott, it assumed the truth of the allegations in the Sheaffers' complaint for the purposes of the motion. Despite Marriott's brief on appeal including a "Corrected Factual and Procedural Background," the events preceding the lawsuit do not appear to be in dispute for the purposes of motion, and we have relied on the facts asserted in the complaint in considering the motion as well.

2

Sheaffer's room. Eventually, Mr. Sheaffer let the EMTs into his room where they examined him before transporting him to Atlanta Medical Center. He was later transferred to Emory University Hospital, where it was determined that Mr. Sheaffer suffered an ischemic stroke in his left vertebral artery.

The Sheaffers filed a lawsuit against Marriott, whom they contended owned, maintained, operated or controlled the Hotel,[2] asserting a negligence claim by Mr. Sheaffer and a loss of consortium claim by Mrs. Sheaffer, alleging, generally, that the Hotel's failure to have someone answer Mr. Sheaffer's calls and to staff the front desk worsened the effects of his stroke. Marriott filed a "Motion to Dismiss and Alternative Motion for Summary Judgment," arguing that innkeepers[3] such as the Hotel do not have a duty to rescue their guests or to monitor them if they are in need of medical assistance. After holding a conference call, the trial court directed the parties to brief the issue of whether the Hotel owed Mr. Sheaffer a duty to staff the

---

[2] Although not relevant to this appeal, Marriott also asserted that it did not own or manage the Hotel at the time of allegations giving rise to the lawsuit and, therefore, argued that the Sheaffers' claims were barred by the statute of limitations due to insufficient service of process and because Marriott was an improper party and the proper party could not be joined.

[3] The parties do not dispute that the Hotel is an innkeeper and OCGA § 43-21-1 et seq. defines its general duties and obligations.

front desk or emergency number. After briefing, the trial court instructed the parties that it would treat Marriott's motion as a motion for summary judgment and directed them to file "additional evidence which is pertinent to the motion[.]" The Sheaffers submitted an unauthenticated copy of Marriott's Business Conduct Guide, and Marriott submitted evidence that the trial court determined was "not pertinent to the issue of the Hotel's duty to Mr. Sheaffer."[4]

The trial court granted summary judgment to Marriott, finding that the Hotel did not have a duty to rescue Mr. Sheaffer from a situation of peril that it did not cause. The trial court also rejected the Sheaffers' arguments "that the Hotel voluntarily undertook the duty to protect Mr. Sheaffer from harm by providing an emergency number, and that the Hotel's negligent performance of that undertaking provides a basis for liability[,]" finding that the Hotel made no representation to Mr. Sheaffer that it would provide an effective emergency number, staff the front desk, or otherwise arrange for medical assistance for him and that "[]the broad and general safety language in [Marriott's] Business Conduct Guide does not come close to an

---

[4] Marriott submitted an affidavit of Carol Frensilli, the Assistant Secretary for Marriott, who swore that at the time of the allegations set forth in the complaint, Marriott did not own or manage the Hotel as well as an affidavit concerning service of process from a director of Marriott's registered agent, Corporate Creations Network, Inc.

4

agreement to undertake the duties the [Sheaffers] seek to impose on the Hotel." This appeal followed.

1. In two related enumerations of error, the Sheaffers assert that the trial court erred by granting summary judgment to Marriott when it found that the Hotel neither undertook a voluntary duty to monitor its emergency line nor had a duty to staff its front desk to assist emergency responders. We disagree.

"The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." *Boller v. Robert W. Woodruff Arts Center, Inc.*, 311 Ga. App. 693, 695 (1) (716 SE2d 713) (2011). Thus, "[t]he threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law." Id. "A legal duty sufficient to support liability in negligence is 'either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts.'" Id. at 696 (1) (a). "In the absence of a legally cognizable duty, there can be no fault or negligence." *Ford Motor Co v. Reese*, 300 Ga. App. 82, 84 (1) (a) (684 SE2d 279) (2009) (Citation omitted).

5

Here, the Sheaffers argue that Marriott owed a duty to answer its internal emergency number and to staff its front desk to ensure that the EMTs promptly reached Mr. Sheaffer's room. In *Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565 (713 SE2d 835) (2011), our Supreme Court addressed the duty of inkeepers when a guest experiences a medical emergency and held that "a person is under no duty to rescue another from a situation of peril which the former has not caused." Id. at 567 (1) (Citation and punctuation omitted). In *Rasnick*, the wife of a hotel guest sued for wrongful death after the hotel refused to check on the guest after repeated phone requests by the wife. Id. at 565. Because the hotel did not create or cause the guest's medical emergency, the Supreme Court affirmed that the hotel owed no duty to investigate or render aid. Id. at 567 (1); see also *Boller*, 311 Ga. App. at 698 (1) (a) (affirming trial court's grant of summary judgment on negligence claim in favor of concert organizer in custody and control of concert venue because it had no duty to provide emergency medical services). Similarly, because there is no evidence that Marriott caused Mr. Sheaffer to have a stroke, Marriott owed no duty to have staff available to render aid to him.

Nonetheless, the Sheaffers contend that the trial court's reliance on *Rasnick* was misplaced, arguing that the Hotel is liable for the negligent performance of a voluntary undertaking.

> Under this principle, one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service, or there was no consideration for the promise or undertaking sufficient to support an action ex contractu based thereon. When one undertakes an act that he has no duty to perform and another person reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care.

*Rymer v. Polo and County Club Homeowners Assn., Inc.*, 335 Ga. App. 167, 175-76 (2) (b) (780 SE2d 95) (2015) (citing *Osowski v. Smith*, 262 Ga. App 538, 540 (1) (586 SE2d 71) (2003)).

Here, the Sheaffers argue that the Hotel voluntarily "created for itself the specific duty to have a staff member available to answer guest calls made to the [H]otel's internal emergency number." However, as Marriott argued and the trial court's order correctly stated, the Sheaffers introduced no evidence that the Hotel voluntarily undertook a duty to staff the emergency number of or operator number at

7

all times. In fact, the only "evidence" is in the form of the Sheaffers' pleading. See *Bashlor v. Walker*, 303 Ga. App. 478, 478-79 (693 SE2d 858) (2010) (If the moving party discharges its burden of proof by pointing out "by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case, . . . the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.") (Citation omitted).

The Sheaffers also argue that the Hotel's failure to monitor the phones and front desk during Mr. Sheaffer's medical emergency violated Marriott's Business Conduct Guide's section on "Health, Safety and Security," which provides:

> Marriott strives to protect the health, safety, and personal security of those who visit our properties and who work for us.
>
> Providing a healthy, safe, and secure environment supports out mission to provide an excellent experience for our guests and to protect our associates from harm.
>
> You are expected to comply with all health, safety, and security requirements and to be alert for health and safety hazards and breaches of security.

8

But this internal policy does not create a duty for Marriott to staff its phone lines or front desk at all times. See generally *Doe v. HGI Realty, Inc.*, 254 Ga. App. 181, 182-83 (561 SE2d 450) (2002) (affirming summary judgment and holding that security manual did not create issue of material fact on whether guards assumed the responsibility or undertook the duty of providing security within the stores at an outlet mall). Because the Sheaffers have produced no evidence supporting that Marriott voluntarily undertook the duty to provide staff to render aid in case of emergencies, the trial court properly granted summary judgment on the Sheaffers' negligence claim.

2. Because we held in Division 1 that the trial court did not err in granting summary judgment on Mr. Sheaffer's negligence claim, we also find that the trial court did not err in granting summary judgment on Mrs. Sheaffer's claim for loss of consortium. See *Holloway v. Northside Hosp.*, 230 Ga. App. 371, 372 (496 SE2d 510) (1998) ("When the other spouse cannot recover from the alleged tortfeasor as a matter of law, however, the alleged tortfeasor also is not liable for loss of consortium arising from those injuries.").

*Judgment affirmed. Barnes, P.J., and Reese, J., concur.*