**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2130. DUTT v. MANNAR AND COMPANY, LLC.

MCFADDEN, Chief Judge.

This appeal contests the trial court's grant of summary judgment to the defendant in a negligence action. Because the trial court correctly found that the plaintiff had failed to show a duty upon which liability could be based, we affirm.

1. *Facts and procedural posture.*

"On appeal from a ruling on a motion for summary judgment, we conduct a de novo review, viewing the evidence in the record and all inferences therefrom in the light most favorable to the nonmoving party." *Tyner v. Matta-Troncoso*, 305 Ga. 480, 481 (1) (826 SE2d 100) (2019).

So viewed, the evidence shows that on May 10, 2017, Sanjib Dutt participated in a free one-hour high intensity training class at RedKore Fitness in Johns Creek,

Georgia. After the class, Dutt began to experience chest pain, told the trainer who had led the class about the pain, and asked him to call 911. The trainer told Dutt that he was having muscle cramps and massaged his chest. Dutt eventually began to feel better, did not think he needed to call 911 at that point, and drove himself home. Once Dutt got home, the chest pain returned and he took ibuprofen. The pain did not subside, so Dutt put an ice pack on his chest and then switched to a heating pad. The pain spread from his chest to his shoulder, so Dutt decided to drive to the hospital. At the hospital, emergency room staff diagnosed Dutt with a heart attack, discovered a blocked artery, and treated him for the blockage.

Dutt sued Mannar and Company, LLC d/b/a RedKore Fitness, claiming that its trainer had been negligent in failing to call 911. Mannar filed a motion for summary judgment, asserting that Dutt could not prove the breach of any duty. After a hearing, the trial court granted the motion, finding that Dutt had failed to show a legal duty owed to him by the defendant. Dutt appeals.

2. *Duty.*

Dutt claims that the trial court erred in granting summary judgment because there is a question of fact as to whether Mannar's trainer had a duty to call 911. We disagree.

The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages. Thus, the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff. This issue is a question of law. A legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts. In the absence of a legally cognizable duty, there can be no fault or negligence.

*Sheaffer v. Marriott International*, 349 Ga. App. 338, 340 (1) (826 SE2d 185) (2019) (citations and punctuation omitted).

Dutt has not pointed to any statutory enactment imposing a duty on the trainer to call 911; rather, he argues that the trainer breached a common law duty to call 911 and that the resulting delay in medical treatment caused damage to Dutt's heart. However, Dutt has identified no "common law principle impos[ing] such a duty [to comply with Dutt's request to call 911]. On the contrary, the long-established general rule is that a person is under no duty to rescue another from a situation of peril which the former has not caused[.]" *Boller v. Robert W. Woodruff Arts Center*, 311 Ga. App. 693, 696 (1) (a) (716 SE2d 713) (2011) (affirming grant of summary judgment on negligence claim because defendant in control of a concert venue had no duty to provide emergency medical services to a patron who suffered a heart attack not

3

caused by defendant). See also *Rasnick v. Krishna Hospitality*, 289 Ga. 565 (713 SE2d 835) (2011) (defendant had no duty to comply with plaintiff's requests to check on her husband who was a hotel guest and possibly in need of medical assistance). As Dutt does not claim, and has cited no evidence showing, that the trainer caused him to have a heart attack, the trainer was under no duty to help rescue Dutt by calling 911 on his behalf. See *Sheaffer*, supra at 341-342 (1) (where hotel had not caused stroke suffered by a guest, the hotel owed no duty to guest to answer its internal emergency phone number, ensure that emergency medical personnel promptly reached the room of the guest, or have staff available to render aid).

Nevertheless, Dutt contends that Mannar is liable for the trainer's negligent performance of a voluntary undertaking.

> Under this principle, one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service, or there was no consideration for the promise or undertaking sufficient to support an action ex contractu based thereon. When one undertakes an act that he has no duty to perform and another person reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care.

*Sheaffer*, supra at 341 (1) (citation omitted).

4

However, the voluntary undertaking principle does not apply to the instant case because as Dutt explains in his appellate brief, he "is not arguing that [Mannar] caused the heart attack, but rather that [the trainer], in refusing to call 911 despite Dutt's request, breached the duty of reasonable care owed to Dutt[.]" So Dutt is not arguing that the trainer voluntarily undertook an act that he had no duty to perform, but is instead claiming that the trainer failed to act by not calling 911. Since Dutt's claim is cast "in terms of the . . . failure to act, i.e., [an] act[] of nonfeasance[, and the trainer was] under no statutory [or common law] obligation to perform . . . the act[ of calling 911] alleged in the complaint . . . , as a matter of law, [Dutt] cannot establish any breach of duty in regard to the alleged nonfeasance[.]" *City of Douglasville v. Queen*, 270 Ga. 770, 772 (2) (514 SE2d 195) (1999).

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). "A defendant may demonstrate that he is entitled to summary judgment by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of evidence to support such claims." *Griffin v. Turner*, 350 Ga. App. 694, 695 (1) (830 SE2d 239) (2019) (citation and punctuation omitted). Because Mannar established that there is an absence of the

essential negligence element of duty, "the trial court committed no error in granting summary judgment to [Mannar] on [Dutt's] negligence claim." *Rasnick v. Krishna Hospitality*, 302 Ga. App. 260, 266 (1) (690 SE2d 670) (2010).

3. *Remaining enumeration.*

Given our holding above, we do not reach the appellant's remaining enumeration of error regarding causation.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*