**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 12, 2023**

# In the Court of Appeals of Georgia

A23A1016. HARE KRISHNA ROSWELL HOTEL, LLC v.
CORSINO.

GOBEIL, Judge.

Following the grant of its application for interlocutory review, Hare Krishna Roswell Hotel, LLC (the "Hotel") appeals from the trial court's order denying its motion for summary judgment on claims brought against it by Sharon Corsino. Specifically, the Hotel asserts that Corsino's negligence claims fail as a matter of law, and that the trial court erred in concluding otherwise, because (1) the Hotel owed no legal duty to Corsino; and (2) Corsino's failure to notify Georgia's Department of Driver Services ("DDS") of her change of address resulted in the fraudulent use of her driver's license and her subsequent arrest. Because Corsino cannot demonstrate

that the Hotel breached any legal duty owed to her, we reverse the trial court's denial of the Hotel's motion for summary judgment.

> When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, this Court conducts a de novo review of the law and the evidence.

*Richey v. Kroger Co.*, 355 Ga. App. 551, 551 (845 SE2d 351) (2020) (citation and punctuation omitted).

So viewed in favor of nonmovant Corsino, the record shows that during the relevant time period, the Hotel owned and operated the Studio 6 Hotel on Old Dogwood Road in Roswell ("Studio 6"). In May 2020, an unidentified woman ("Jane Doe") used a driver's license issued to Corsino and a debit card belonging to Ishmael Karim Kai Kai to book a room at Studio 6 under the name "Sharon Corsino" through a third-party booking site. Jane Doe then presented Corsino's license at check-in at Studio 6 under Corsino's reservation. Jane Doe also used Kai Kai's debit card to make several other unauthorized purchases, including at a pizza restaurant. As soon as Kai Kai discovered the unauthorized activity on his account, he contacted police. During the course of their investigation, law enforcement obtained a copy of the

2

photo on the license used to book the room at Studio 6 and compared it to hotel video of the woman using Kai Kai's debit card. Given the resemblance between Corsino's driver's license photograph and the pictures of the hotel patron, police concluded that the woman in question was Corsino, and charged Corsino with financial identity fraud and financial transaction card fraud with respect to the transactions at Studio 6 and the pizza restaurant. Arrest warrants were issued for Corsino, and she was arrested during a routine traffic stop in June 2020. In January 2021, the district attorney dropped the charges against Corsino after determining that she was not, in fact, the woman in the hotel video.

In June 2021, Corsino filed the current lawsuit, asserting claims for negligence, gross negligence, and/or wanton and willful conduct. In support of these claims, Corsino alleged that the Hotel had breached a duty to follow proper check-in procedures by failing to ensure that the name on Jane Doe's government-issued identification matched the debit card she provided and that the Hotel had otherwise failed "to use reasonable care in renting hotel rooms." Corsino further asserted that as a result of the Hotel's conduct, she suffered emotional distress, was deprived of her liberty, incurred legal expenses including the cost of bond and attorney fees, and lost

her job and health insurance following her arrest. She also claimed that the loss of health insurance left her with medical debt.

Regarding the Hotel's alleged failure to follow proper check-in procedures, the record evidence showed that the franchisor's "Brand Standards" Manual issued to the Hotel set forth the required procedures for checking in a guest. As relevant here, the manual provided that: "All registered guests are required to provide photo identification at the time of [c]heck-[i]n. Team Members staffing the Front Desk must match the photo identification to the guest." Acceptable forms of identification include a U. S. state driver's license. The Hotel's 30 (b) (6) representative also confirmed that while every guest is required to produce photo identification at check-in, not every guest is required to present a credit, debit, or bank card. Importantly, Studio 6's website provided that: "At the time of check-in[,] all guests, whether individual or group reservations, *must present* a valid government-issued identification . . . [a]nd *may be required* to present a valid credit, debit, or bank card or debit card that matches the name on the confirmed reservation and the ID provided." If a guest booked and paid for his or her reservation on a third-party booking site (as opposed to Studio 6's website), that guest is not required to present a credit or debit card at check-in. And in this case, Jane Doe reserved and paid for her

4

room on such a third-party site.[1] Thus, she was not required to present a credit card at check-in. The current Studio 6 manager[2] also testified that the photo identification requirement is related to the physical safety of guests: its purpose is not to protect against financial fraud, but to verify that the person checking in is the same person whose name is on the reservation so that no unauthorized person obtains a key to a guest's room.

The evidence also showed that although Corsino's physical license had not been stolen, Jane Doe apparently had been able to obtain a copy of that license due to Corsino's failure to update her address with DDS. Corsino's driver's license had been set to expire in early April 2020, at the height of the COVID-19 pandemic. DDS sent Corsino a letter stating that her license had been automatically renewed due to a "COVID-19 extension." The letter contained Corsino's new driver's license and was sent to the address on Corsino's license. Corsino, however, had moved from that address several months earlier, and there is no indication that she ever updated her address with DDS.

---

[1] It is undisputed that Jane Doe reserved and paid for her room through the booking.com website.

[2] The manager at the time of the incident is now deceased.

Based on the foregoing evidence, the Hotel moved for summary judgment, arguing in relevant part that: (1) it had not breached any legal duty it allegedly owed to Corsino; and (2) any damage suffered by Corsino resulted from her own negligence in failing to update her address with DDS. Following a hearing, a transcript of which does not appear in the record, the trial court denied the Hotel's summary judgment motion, concluding that Corsino had come forward with sufficient evidence "to create a jury issue in regard to [her] claims." The court certified its order for immediate review, and this Court granted the Hotel's application for interlocutory appeal. The instant appeal followed.

1. The Hotel argues that the trial court erred in denying its motion for summary judgment because the Hotel owed no legal duty to Corsino. As noted above, Corsino's claims are all based on the alleged negligence of the Hotel. And "the threshold issue in a negligence action is whether and to what extent the defendant owes a legal duty to the plaintiff." *Boller v. Robert W. Woodruff Arts Center*, 311 Ga. App. 693, 695 (1) (716 SE2d 713) (2011) (citation and punctuation omitted). Thus, "[i]n the absence of a legally cognizable duty, there can be no fault or negligence." *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 84 (1) (a) (684 SE2d 279) (2009). In

support of her claim that the Hotel had breached a legal duty owed to her, Corsino offered two arguments.

First, relying on *Long v. Adams*, 175 Ga. App. 538, 539 (2) (333 SE2d 852) (1985) (physical precedent only), she argued that the legal duty owed by the Hotel was "the same one that every individual in this state[ ] owes another: the duty to exercise ordinary care not to injur[e] others." More recently, however, the Supreme Court of Georgia expressly rejected any precedent "to the extent that it created a general legal duty to all the world not to subject others to an unreasonable risk of harm." *Dept. of Labor v. McConnell*, 305 Ga. 812, 816 (3) (a) (828 SE2d 352) (2019) (citation and punctuation omitted). Instead, "[a] legal duty sufficient to support liability in negligence is either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of our appellate courts." *Sheaffer v. Marriott Intl.*, 349 Ga. App. 338, 340 (1) (826 SE2d 185) (2019) (citation and punctuation omitted). See also *Rasnick v. Krishna Hospitality*, 289 Ga. 565, 566-567 (713 SE2d 835) (2011).

The only other legal duty that Corsino claims the Hotel breached is set forth in the Restatement (Second) of Torts, § 324A.[3] That section of the Restatement provides, in relevant part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm . . . .

Corsino argued that the Hotel's Brand Standards Manual, which required that Hotel employees match the photo identification of any guest checking in with the name on the reservation, constituted a voluntary undertaking necessary to protect third parties such as herself. As the Hotel points out, however, this argument fails as a matter of law.

First, by its plain terms, the Restatement Section in question subjects an allegedly negligent defendant to liability only for physical harm suffered by a third

---

[3] This section of the Restatement has been adopted as an accurate statement of the common law in Georgia. See *Dale v. Keith Built Homes*, 275 Ga. App. 218, 219-220 (620 SE2d 455) (2005); *Huggins v. Aetna Cas. & Sur. Co.*, 245 Ga. 248, 249 (264 SE2d 191) (1980).

party. Restatement (Second) of Torts, § 324A. And here, Corsino has not alleged that she suffered any physical harm as a result of the Hotel's conduct. Moreover, this Court previously has rejected the idea that a company's internal policy and/or procedures manual can give rise to a legal duty owed to third parties. See *Sheaffer*, 349 Ga. App. at 342 (1) (hotel's internal policy manual addressing staffing did not create a duty to guests to staff phone lines and/or the hotel's front desk); *Doe v. HGI Realty*, 254 Ga. App. 181, 182-183 (561 SE2d 450) (2002) (affirming grant of summary judgment in favor of landlord and holding that landlord's internal security manual stating that security guards should patrol the inside of mall stores daily did not create an affirmative duty to do so). Furthermore, even if the Brand Standards Manual could create a legal duty, there is no evidence that the Hotel breached such a duty by violating those standards. As explained supra, given that Jane Doe booked the reservation through a third-party website, the Hotel's policy and its internal manual required only that Hotel employees check Jane Doe's identification to ensure that it matched the name on the reservation.

Finally, as this Court has explained, Section 324A (a)

applies only to the extent that the alleged negligence of the defendant exposes the injured person to a greater risk of harm than had existed

9

previously. Accordingly, Section 324A (a) applies when a nonhazardous condition is made hazardous through the negligence of a person who changed its condition or caused it to be changed. Liability does not attach for failing to decrease the risk of harm. Put another way, the mere failure to abate a hazardous condition — without making it worse — does not trigger the application of Section 324A (a).

*Boyd v. Big Lots Stores*, 347 Ga. App. 140, 145-146 (2) (817 SE2d 698) (2018) (citation and punctuation omitted).

Here, Corsino did not come forward with any evidence showing that the Hotel's allegedly negligent conduct increased the risk of harm to her. Even if, as Corsino contends, Studio 6 employees failed to compare the stolen driver's license bearing her name with the name on the reservation, that failure did not result in harm to Corsino. It is undisputed that the license matched the name on the reservation and, given the circumstances, the Hotel's policies did not require Jane Doe to present a credit or debit card at check-in. Thus, Corsino cannot prove a claim under Section 324A (a). See *Dale v. Keith Built Homes*, 275 Ga. App. 218, 220 (620 SE2d 455) (2015) ("failing to take all possible actions to prevent an occurrence is not the same as increasing the risk of the occurrence") (citation and punctuation omitted). Based

on the foregoing, Corsino has identified no statutory or common law duty owed to her by the Hotel.

Given that Corsino cannot prove a crucial element of her negligence claims, namely that the Hotel breached a duty to Corsino, we reverse the trial court's denial of the Hotel's motion for summary judgment. See *Sheaffer*, 349 Ga. App. at 338 ("To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim."); *Boller*, 311 Ga. App. at 695-696 (1) (the existence of a legal duty represents a question of law).

2. Given our disposition in Division 1, we need not reach the Hotel's remaining argument on appeal.

*Judgment reversed. Doyle, P. J., and Senior Judge C. Andrew Fuller concur.*